UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JEFFREY HARRIS,

                              Plaintiff,

        -v-

OFFICER MOORE, *Shield #9731*; CAPTAIN BROWN, *Shield #821*; and CAPTAIN HEADLEY, *Shield #1502*,

                             Defendants.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/2/16

15 Civ. 1608 (PAE) (JCF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiff Jeffrey Harris brings this action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when jail officials confiscated an extra mattress that he was medically authorized to have. Defendants, identified as Officer Moore, Captain Brown, and Captain Headley, moved to dismiss. Before the Court is the December 3, 2015 Report and Recommendation of the Hon. James C. Francis, United States Magistrate Judge, recommending that the Court grant the motion to dismiss with respect to injunctive relief and deny the motion to dismiss Harris's claims for damages against the individual defendants. Dkt. 15 ("Report"). For the following reasons, the Court adopts the Report in full.

I.    **Background**[1]

On December 20, 2014, a corrections officer at the Vernon C. Bain Correctional Center ("VCBC"), where Harris was then incarcerated,[2] confiscated a second mattress that Harris had in his cell. Harris informed the officer that he was authorized to have a second mattress, showing him a referral from the medical unit.[3] The officer told Harris to take the issue up with his area officer and captain. Accordingly, Harris approached Officer Moore and Captains Brown and Headley, showed them the referral, and requested the return of his second mattress. These requests were rebuffed. As a consequence, Harris alleges that he has suffered "increased pain to my lower back" and is "unable to sleep on my back due to being denied my double mattress." Compl. at 3.

On March 4, 2015, Harris filed a Complaint. Dkt. 2. On April 20, 2015, defendants waived service of the summons and Complaint. Dkt. 8. On May 26, 2015, the case was referred to Judge Francis for pretrial supervision and for a report and recommendation. Dkt. 9. On June

---

[1] The Court's summary of the facts is drawn from the account of the facts provided in the Report, to which no party objects, and from Harris's Complaint, Dkt. 2 ("Compl."). This summary reflects a liberal construction of Harris's submissions, in light of his *pro se* status. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). No further citation to these materials will be made except where expressly quoted.

[2] Harris is now incarcerated at the Brooklyn Detention Complex. Dkt. 10.

[3] Harris's publicly docketed Complaint does not specify the date of the referral, but a courtesy copy of the Complaint sent to the chambers of Judge Francis contained a referral form dated January 26, 2015, which indicated that Harris had chronic lumbar pain due to a motor vehicle accident prior to his incarceration and requested that he be allowed a double mattress. Report at 2. While this referral post-dated the alleged confiscation of Harris's second mattress by more than a month, the Court, especially in light of Harris's *pro se* status, infers that Harris had multiple referrals for a double mattress and secured an additional referral after the confiscation, perhaps in order to support his protests to higher officers. Even if the January 2015 referral were the only one, however, it would still sufficiently support Harris's crucial allegation that, sometime after the confiscation, he showed a referral form to the three defendants and requested the return of his second mattress.

19, 2015, defendants moved to dismiss, Dkt. 11, and filed a supporting memorandum of law, Dkt. 12. Harris did not oppose the motion.

On December 3, 2015, Judge Francis issued the Report, recommending that the Court grant the motion to dismiss with respect to injunctive relief and deny the motion to dismiss Harris's claims for damages against the individual defendants. Report at 10. The deadline for the parties to file objections to the Report was December 17, 2015. *See id.* To date, no objections have been filed.

## II. Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As neither party has submitted objections to the Report, review for clear error is appropriate. Because the Report explicitly states that "[f]ailure to file timely objections will preclude appellate review," Report at 11, both parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

Careful review of Judge Francis's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety.

## CONCLUSION

For the reasons articulated in the Report, the Court dismisses Harris's claim for injunctive relief but denies the motion to dismiss Harris's claims insofar as he seeks damages for alleged Eighth Amendment violations.

The case remains referred to Judge Francis for pretrial supervision, including, as relevant now, for the purpose of setting a discovery schedule.

The Clerk of Court is directed to terminate the motion pending at docket number 11.

SO ORDERED.

                                                       Paul A. Engelmayer
                                                      United States District Judge

Dated: March 2, 2016
        New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - :
JEFFREY HARRIS,                   :   15 Civ. 1608 (PAE) (JCF)
                                  :
            Plaintiff,            :
                                  :         REPORT AND
      -against-                   :       RECOMMENDATION
                                  :
OFFICER MOORE, Shield #9731,      :
CAPTAIN BROWN, Shield #821, and   :
CAPTAIN HEADLEY, Shield #1502,    :
                                  :
            Defendants.           :
- - - - - - - - - - - - - - - - - :
TO THE HONORABLE PAUL A. ENGELMAYER, U.S.D.J.:

    Jeffery Harris brings this suit pro se pursuant to 42 U.S.C. § 1983 against defendants identified as Officer Moore, Captain Brown, and Captain Headley.[1] The plaintiff, who was held in the custody of the New York City Department of Correction at the Vernon C. Bain Correctional Center ("VCBC"), alleges a violation of his Eighth Amendment rights and seeks compensatory damages and injunctive relief for the defendants' deliberate indifference to his preexisting medical needs. The defendants move to dismiss the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, I recommend that the motion be granted in part and denied in part.

Background

    The plaintiff alleges that on December 20, 2014, his housing area at VCBC was subject to an institutional search during which a correction officer confiscated one of his "double mattresses." (Complaint ("Compl."), ¶ II.D). During the search, Mr. Harris

---

[1] Neither the plaintiff nor defendants' counsel has provided the first names of the individual defendants.

1

informed the officer that he was authorized to have the additional mattress, and provided his official New York City Correctional Health Services Referral Consultation Request and Hospital Transfer Form ("Referral")[2] explaining his medical condition and "requir[ing]" his use of the double mattresses. (Compl., ¶ II.D). The form, dated January 26, 2015, was completed by Doctor Danielle McFarland, who indicated that the plaintiff presented with chronic lumbar pain due to a motor vehicle accident that took place prior to his incarceration, and it requested that he be "allow[ed] double mattress due to chronic [lumbago]." (Referral). The officer allegedly responded that the plaintiff would have to discuss the issue with the area officer and captain. (Compl., ¶ II.D).

Mr. Harris accordingly provided Officer Moore with the referral document and requested the return of his second mattress, but Officer Moore allegedly replied that he "d[idn't] care" what the plaintiff "show[ed] [him] on paper." (Compl., ¶ II.D). The plaintiff subsequently approached Captains Brown and Headley to show them the referral and once again to request that his second mattress be returned. These defendants responded by stating that the policy at VCBC prohibited double mattresses for inmates. (Compl., ¶ II.D). Additionally, Captain Headley allegedly stated that "one mattress is enough." (Compl., ¶ II.D).

According to the complaint, the removal of the additional,

---

[2] The Referral was attached to a paper courtesy copy of the complaint, sent to chambers; the document is not available in the electronic docket record for this case. However, it was repeatedly alluded to in the complaint and is therefore incorporated by reference.

2

medically authorized mattress has caused Mr. Harris to sustain further injury to his preexisting back condition. (Compl., ¶ III). Since Mr. Harris filed the complaint, he has been transferred from VCBC to the Brooklyn Detention Complex, where he is currently being held. (Change of Address dated May 14, 2105; Change of Address dated June 9, 2015).

Discussion

The defendants move to dismiss the plaintiff's action on the grounds that the pleadings fail to state a claim upon which relief can be granted. In particular, the defendants contend (1) the plaintiff fails to allege either a sufficiently serious medical need or deliberate indifference by the defendants, and (2) the plaintiff's claim for injunctive relief is moot because he has since been transferred from VCBC to Rikers Island.

A.  Standard of Review for a Motion to Dismiss

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 110-11 (2d Cir. 2010). A complaint need not make "detailed factual allegations," but must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Consequently, where the complaint's factual allegations permit the

3

court to infer only that it is possible, but not plausible, that misconduct occurred, the complaint fails to meet the minimum standard. Id. In ruling on a motion to dismiss, the court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." GVA Market Neutral Master Ltd. v. Veras Capital Partners Offshore Fund, Ltd., 580 F. Supp. 2d 321, 327 (S.D.N.Y. 2008) (quoting Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004)).

Where a plaintiff brings an action pro se, however, a court must liberally construe the complaint and "interpret [it] to raise the strongest arguments that [it] suggest[s]," Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)), thereby holding the pro se pleading "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). "Dismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." Paul v. Bailey, No. 09 Civ. 5784, 2010 WL 3292673, at *4 (S.D.N.Y. July 21, 2010) (citing Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997)).

  B. Eighth Amendment

The plaintiff claims the defendants violated his Eighth

Amendment[3] rights by exhibiting deliberate indifference to his preexisting medical need. (Compl., ¶¶ II.D, III). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, and "[d]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment," Estelle v. Gamble, 429 U.S. 97, 104 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)).

To establish an unconstitutional denial of medical care under 42 U.S.C. § 1983, a plaintiff must show that the defendant was deliberately indifferent to his serious medical needs. Farmer v. Brennan, 511 U.S. 825, 835 (1994); Estelle, 429 U.S. at 104. Not only must the medical condition be, in objective terms, sufficiently serious, but the defendant must also act "with a sufficiently culpable state of mind," which is a necessarily subjective standard. Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)); see also Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998); Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).

---

[3] While the plaintiff does not indicate whether he was a pretrial detainee or a convicted prisoner during the relevant period (a fact that would determine whether his claims were properly brought under the Eighth Amendment, or if a Fourteenth Amendment claim would be proper), this distinction does not affect the substantive analysis of his claims. As the Second Circuit has held, "[c]laims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009).

In <u>Boyd v. City of New York</u>, this Court held that a claim of constitutionally inadequate bedding may be sustained where:

> (1) [the plaintiff] had a pre-existing medical condition requiring a special bed to protect against serious damage to his future health; (2) he made that medical condition known to the prison officials; (3) he requested a special bed to accommodate such medical condition; and (4) his request was denied by an "official [who knew] of and disregard[ed] an excessive risk to [the plaintiff's] health or safety."

<u>Boyd v. City of New York</u>, Nos. 12 Civ. 3385, 12 Civ. 3580, 12 Civ. 3647, 12 Civ. 3650, 12 Civ. 3691, 2012 WL 5914007, at *4 (S.D.N.Y. Sept. 18, 2012) (quoting <u>Phelps v. Kapnolas</u>, 308 F.3d 180, 186 (2d Cir. 2002)), <u>report and recommendation adopted in relevant part</u>, 2013 WL 452313 (S.D.N.Y. Feb. 6, 2013). These requirements are met at the pleading stage where the plaintiff makes a showing of a sufficiently serious injury and the defendants' deliberate indifference towards that injury.

### 1. Objective Requirement

For a medical condition to satisfy the objective prong, it must be a "'condition of urgency' that may result in 'degeneration' or 'extreme pain.'" <u>Chance</u>, 143 F.3d at 702 (quoting <u>Hathaway v. Coughlin</u>, 37 F.3d 63, 66 (2d Cir. 1994)). "Because [t]he objective component of an Eighth Amendment claim is . . . [necessarily] contextual and fact-specific, the serious medical need inquiry must be tailored to the specific circumstances of each case." <u>Smith v. Carpenter</u>, 316 F.3d 178, 185 (2d Cir. 2003) (alterations in original) (internal citation and quotation marks omitted); <u>see also</u> <u>Jabbar v. Fischer</u>, 683 F.3d 54, 57 (2d Cir. 2012) ("As to the objective element, there is no 'static test' to determine whether

6

a deprivation is sufficiently serious."). The Second Circuit has held that the adequacy of a mattress may, alone or in combination with other factors, constitute a condition that satisfies the objective prong of the conditions-of-confinement test if its inadequacy causes or threatens to cause sufficiently serious harm. Walker v. Schult, 717 F.3d 119, 126-27 (2d Cir. 2013).

As alleged in the complaint, Mr. Harris received the additional mattress as a result of a medical recommendation. (Compl., ¶ II.D). Not only did the plaintiff suffer from a preexisting condition caused by a car accident prior to incarceration, but Dr. McFarland also diagnosed the condition as chronic. (Referral). The plaintiff further alleges that he was additionally prescribed both physical therapy and painkillers to treat the lumbago, which is indicative of the seriousness of the condition. (Compl., ¶ III).

The plaintiff has satisfied the objective prong of his conditions-of-confinement claim insofar as he has adequately shown that his condition warranted additional bedding, as well as prescriptions for both physical therapy and painkillers. (Referral; Compl., ¶ III). Such a showing allows a reasonable inference of extreme pain, and therefore a sufficiently serious injury.

2. Subjective Requirement

The subjective element of a plaintiff's burden is satisfied upon a showing that a prison official has acted with deliberate indifference. Specifically, a plaintiff must offer evidence that

7

the officer had "knowledge that an inmate face[d] a substantial risk of serious harm and . . . disregard[ed] that risk by failing to take reasonable measures to abate the harm." Hayes v. New York City Department Of Corrections, 84 F.3d 614, 620 (2d Cir. 1996). In Farmer, the Supreme Court declared that the standard for deliberate indifference requires "the official [to] know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. 825, 837 (1970). The plaintiff must therefore show that "the charged official act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm [would] result." Jones v. Westchester County Department of Corrections Medical Department, 557 F. Supp. 2d 408, 414 (S.D.N.Y 2008) (quoting Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006)).

It is evident from the facts alleged in the complaint that the defendants were actually aware of both the plaintiff's condition and the potential risk of harm that would result if the plaintiff were denied access to the mattress requested by Dr. McFarland on the plaintiff's behalf. At the time the additional bedding was removed and thereafter, the plaintiff attempted to show the defendants his medical referral, which stated his injury and authorized the additional mattress. (Compl., ¶ II.D). Despite Mr. Harris' good faith effort to provide substantiation for his use of the additional mattress, however, the defendants remained unwilling

8

to either examine the document or listen to the plaintiff's request to "return[] [his] mattress out of the closet." (Compl., ¶ II.D). Due to the defendants' clear and persistent disregard for the plaintiff's injury and the medical authorization, it is reasonable to infer deliberate indifference towards the plaintiff's preexisting injury. Mr. Harris therefore meets the subjective requirements for a conditions-of-confinement cause of action under the Eighth Amendment.

Accordingly, because the plaintiff has adequately pled the objective and subjective elements of a deliberate indifference claim, the motion to dismiss should be denied.

D. Injunctive Relief

The defendants also move to dismiss the plaintiff's claims for injunctive relief as moot. Since the plaintiff filed the complaint, he has been transferred out of VCBC and ultimately to the Brooklyn Detention Complex. (Change of Address dated May 14, 2105; Change of Address dated June 9, 2015). The defendants argue that because the plaintiff is no longer incarcerated at VCBC, and because plaintiff's claims are only against individual defendants employed at VCBC, his claim for injunctive relief against them is moot. (Memorandum of Law in Support of Defendants' Motion to Dismiss ("Def. Memo.") at 9).

The mootness doctrine "ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit, including the pendency of the appeal." Cook v. Colgate University, 992 F.2d 17, 19 (2d Cir. 1993) (citations omitted). It is

9

established that "an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." Salahuddin, 467 F.3d at 272; see also Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996) (per curiam); Young v. Coughlin, 866 F.2d 567, 568 n. 1 (2d Cir. 1989).

Mr. Harris was transferred from VCBC in April 2015. (Change of Address dated May 14, 2105; Change of Address dated June 9, 2015). Accordingly, he has no actual controversy with the VCBC defendants that would warrant injunctive relief. "This result flows logically from the more generalized proposition that 'an actual controversy must be extant at all stages of the case, not just at the time the complaint is filed.'" Thompson v. Carter, 284 F.3d 411, 415 (2d Cir. 2002) (quoting Beyah v. Coughlin, 789 F.2d 986, 988 (2d Cir. 1986)). Mr. Harris' claim for injunctive relief is therefore moot and should be dismissed.

Conclusion

For the foregoing reasons, I recommend that the defendants' motion (Docket no. 11) be granted in part and denied in part. Specifically, I recommend that the defendants' motion be granted with respect to injunctive relief, as any such remedy is moot. The motion should be denied insofar as it seeks dismissal of plaintiff's Eighth Amendment claims against the defendants. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed

10

with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Paul A, Engelmayer, Room 2201, 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       December 3, 2015

Copies mailed this date to:

Jeffrey Harris
241-14-10622
275 Atlantic Ave.
New York, NY 11201

Carolyn E. Kruk, Esq.
Assistant Corporation Counsel
100 Church Street
New York, NY 10007

11